(37 Misc. Rep. 239.)

### In re PEOPLE'S TRUST CO.

(Surrogate's Court, Kings County. February, 1902.)

CONTEMPT—EXECUTOR—FAILURE TO ACCOUNT.

Where an executor, on being ordered to file an account of his proceedings, files the customary printed blank, with the word "Nothing" written in each of the schedules, claiming that he is no longer acting as executor, he is guilty of contempt.

In the matter of the application of the People's Trust Company, guardian of Thomas J. Kells, to remove William E. Kells, executor under the last will of Thomas Kells, deceased. Motion to punish such executor for contempt in refusing to obey an order of the court requiring him to file an account. Order entered on notice.

Wingate & Cullen, for petitioner.

Oscar Richter, for executor.

CHURCH, S. This is a motion to punish William E. Kells for his refusing to obey an order of this court, dated December 4, 1901, requiring him to file an account of his proceedings as executor of Thomas Kells, deceased.

It appears that in the administration of this estate an agreement was entered into by the various parties interested, including a special guardian of an infant, providing for the conduct of certain matters appertaining thereto. It is contended by the executor herein that that agreement supplemented his work as executor, that he is no longer acting as executor, and that, therefore, this court has no power over his conduct of the matter. It is a sufficient answer to this contention of the executor to state that this argument should have been properly addressed to the court at the time the motion was made requiring him to file his account, and the court having made an order requiring him to so account, has passed adversely to this claim of the executor. Although the executor makes this contention as a reason for not accounting, he has pretended to obey this order of the court by filing a printed blank, such as is prepared for executors desiring to account, in which he has written the word "Nothing" in each of the various schedules of such printed blank. This pretended compliance with the order is plainly a sham, made for the purpose of delaying the proceeding, and it is apparent that the disobedience of this executor has tended to defeat, impair, impede, or prejudice the rights of the parties hereto, and I decide that he has been guilty of a contempt, and that he should be fined the sum of $250, and stand committed to the county jail until he has purged himself of such contempt. Let an order accordingly be entered upon notice.

Decreed accordingly.